IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY D. GARLAND,
    Plaintiff,

vs.                                            Case No.: 3:12cv565/RV/EMT

RALPH BUTLER, et al.,
    Defendants.
_____/

**ORDER and REPORT AND RECOMMENDATION**

       Plaintiff, an inmate of the Florida penal system proceeding pro se, commenced this 42 U.S.C. § 1983 action on November 20, 2012, by filing a complaint in the United States District Court for the Middle District of Florida (doc. 1). He also filed a Prisoner Consent Form and Financial Certificate, which the court construes as a motion to proceed in forma pauperis (doc. 2). The Middle District transferred the case to the Northern District (doc. 3).

       Title 28 U.S.C. § 1915(g), the "three strikes" provision of the Prison Litigation Reform Act, prohibits a prisoner from proceeding in forma pauperis under certain circumstances. That provision provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

       A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See* Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the

prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004).

Both the Northern District and the Southern District of Florida have recognized Plaintiff as a "three-striker" under § 1915(g). *See* Garland v. Med. Health Serv., No. 3:12cv458/LC/CJK, 2012 WL 5306285 (N.D. Fla. Sept. 27, 2012), *Report and Recommendation Adopted*, 2012 WL 5306271 (N.D. Fla. Oct. 29, 2012) (unpublished); Garland v. Med. Health Serv., No. 4:12cv34/SPM/WCS (N.D. Fla. Feb. 27, 2012) (unpublished); Garland v. Health Servs. Dep't, No. 4:11cv235/RH/WCS (N.D. Fla. July 7, 2011) (unpublished); Garland v. Broward Cnty. Courthouse, No. 09-61359-CIV, 2009 WL 3595131, at *1 (S.D. Fla. Oct. 30, 2009) (unpublished); Garland v. Wheeler, No. 4:09cv358/SPM/WCS, 2009 WL 3644800, at *1 (N.D. Fla. Oct. 28, 2009) (unpublished); Garland v. Broward Cnty. Courthouse, No. 09-61464-CIV, 2009 WL 3497078, at *1 (S.D. Fla. Oct. 27, 2009) (unpublished); Garland v. Armor Health Servs., No. 09-61228-CIV, 2009 WL 3242290, at *1 (S.D. Fla. Sept. 30, 2009) (unpublished). The undersigned has confirmed that Plaintiff, while incarcerated, has brought at least three civil actions in the federal courts that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* Garland v. Barfield, No. 3:09cv261/RV/EMT, 2009 WL 22283 (N.D. Fla. Jan. 2, 2009) (unpublished) (dismissing, for failure to state a claim, civil rights complaint filed by Plaintiff while incarcerated); Garland v. Galindez, No. 08-61289-CIV, 2008 WL 4845031 (S.D. Fla. Nov. 7, 2008) (unpublished) (same); Garland v. State of Fla., No. 0:08cv61052 (S.D. Fla. Sept. 16, 2008) (unpublished) (same).[1]

Additionally, Plaintiff's allegations in his complaint that Defendant Butler refused to notarize his legal documents, and prison officials in the mail rooms of Santa Rosa Correctional Institution, Franklin Correctional Institution, Apalachee Correctional Institution, and Florida State Prison interfered with and destroyed his mail, do not bring him within the "imminent danger" exception of § 1915(g) (doc. 1 at 5–12). Because Plaintiff did not pay the filing fee at the time he initiated this

---

[1] The inmate number of the plaintiff in those cases (#L42997) is the same as Plaintiff's.

action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case must be dismissed under § 1915(g).

Accordingly, it is **ORDERED**:

Plaintiff's Prisoner Consent Form and Financial Certificate, construed as a motion to proceed in forma pauperis, (doc. 2) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

At Pensacola, Florida, this 19th day of December 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**